IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HEYMAN GUILLORY | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-102 |
| RODNEY D. CONERLY, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Heyman Guillory, an inmate confined at the Estelle Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Rodney D. Conerly, C. Haden Cribbs, and State District Court Judge John Stevens.

The court referred this matter to the Honorable Keith Giblin United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends plaintiff's civil rights action be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleading. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds plaintiff's objections lacking in merit. As outlined by the Magistrate Judge, plaintiff's claims relate to his conviction for capital murder in Cause Number 07-00940 in Jefferson County, Texas in 2007. Plaintiff seeks monetary damages against the defendants. As such, plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Furthermore, plaintiff's claims against defendants Stevens and Conerly are

barred by absolute and prosecutorial immunity, respectively. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993).

To the extent plaintiff is attempting to amend his complaint to add habeas claims, any such claims would be barred as successive and for lack of jurisdiction. As noted by the Magistrate Judge, plaintiff filed a writ of habeas corpus challenging his conviction and sentence in 2012 which was denied as barred by the applicable statute of limitations. This Court is without jurisdiction to consider a successive habeas petition without authorization from the Fifth Circuit Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 154 (2007).

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**SIGNED** this the 2 day of **January, 2019.**

_____
Thad Heartfield
United States District Judge